IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
_____x
TRUONG THACH                              :
                                          :
            Plaintiff                     :
                                          :
Vs.                                       :
                                          :   Case No.
AIRBNB, INC.                              :
888 Brannan Street                        :
San Francisco, California                 :
      And                                 :
AIRBNB POCONO, LLC                        :
9253 Westwood Drive                       :
Tobyhanna, PA  18466                      :
      And                                 :
WALTER NANCE                              :
522 East 82nd Street                      :
New York, New York 10028                  :
      And                                 :
STEVEN P. BRESSI                          :
522 East 82nd Street                      :
New York, New York 10028,                 :
Individually, jointly, severally and in the :
alternative                               :
                                          :   Electronically Filed)
            Defendants.                   :
                                          :
_____x
```

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

The Plaintiff, Truong Thach, by and through her counsel, The Law Offices of Vincent J. Ciecka P.C., by way of Complaint against Defendants, hereby states as follows:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff, Truong Thach, is an adult individual and citizen of the State of New Jersey residing at 21 N. 30th Street in the City and County of Camden.

2. Defendant, Airbnb, Inc., is an online vacation rental company organized and existing

under the laws of the State of Delaware with corporate headquarters located at 888 Brannan Street in San Francisco, California.

3.  Defendant, Airbnb Pocono, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with headquarters and an address for service of process located at 9253 Westwood Drive in the Township of Tobyhanna, County of Monroe, Commonwealth of Pennsylvania.

4.  Defendant, Walter Nance, is an adult individual and citizen of the State of New York residing at 522 East 82nd Street, New York, New York 10028.

5.  Defendant Steven P. Bressi, is an adult individual and citizen of the State of New York residing at 522 East 82nd Street, New York, New York 10028.

## JURISDICTION

6.  This Court has diversity jurisdiction per 23 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

7.  Venue is proper in the Middle District because Defendants are located, reside and/or do business in this district and/or a substantial part of the events or omissions giving rise to the claims occurred in the district.

## FIRST COUNT
## Plaintiff v. All Defendants

8.  Plaintiff, Truong Thach, utilized Defendant Airbnb, Inc.'s online application to select a vacation rental property in Monroe County, in the Poconos, a mountain vacation area located in Pennsylvania.

9.  Plaintiff, Truong Thach, selected the premises known as 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466, which is jointly owned by Defendants, Walter Nance and Steven P. Bressi and was listed for rent on Airbnb.

10. At all times relevant herein, Defendants, Walter Nance and Steven P. Bressi, managed, owned, occupied, operated, possessed, controlled, inspected, repaired, cleaned and/or otherwise maintained the home, including the premises, floors, hallways, entrances, exits, walkways, staircases, and property known as 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466.

11. At the aforesaid time and place, the defendants acted by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control and each defendant, along with their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, acted by or on the behalf of the other defendants named herein.

12. At the aforesaid time and place, the defendants, acting by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, did so carelessly and negligently construct, inspect, maintain, repair, clean, operate and/or otherwise failed to keep a proper and adequate handrail on the stairway so as to create a dangerous and unsafe condition for people walking inside the premises, invitees and/or people otherwise lawfully on the premises of 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466, including the Plaintiff herein.

13. The Defendants created, and/or had actual and/or constructive knowledge of the dangerous condition of the premises as aforesaid, and knew or reasonably should have known that the dangerous condition created a reasonably foreseeable risk of injury to persons lawfully on the premises, business invitees and/or persons walking in the premises, including the Plaintiff herein.

14. The Defendants, individually, jointly, and/or severally, were under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject stairway and flooring, including but not limited to, the proper placement and location of handrails on staircases, for use

by invitees and members of the general public who were or might be utilizing and/or walking upon said premises, including the Plaintiff herein.

15. The Defendants failed and neglected to take such reasonable action so as to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject stairway including but not limited to the staircases, steps, entrances and exits and/or those members of the general public who were or might be utilizing and/or walking upon said premises, thereby causing injuries to the Plaintiff, Truong Thach.

16. The Defendants additionally had a duty to take reasonable action to warn and/or failed in adequately providing warnings to persons on or using the premises, business invitees, persons walking on the subject premises, including but not limited to, the floors and staircases, that the handrail in the stairway was not there, improperly placed or otherwise in a unsafe and dangerous condition.

17. In addition to the allegations contained above, the Defendants, individually, jointly and/or severally, were negligent, reckless and/or careless in that they:

(a) failed to properly, adequately and carefully inspect the premises, especially the stairway and handrails and keep said premises in a safe condition;

(b) failed to exercise due and proper care in the maintenance, cleaning, polishing, and repair of the flooring in premises, especially on the stairway, especially since Defendants specifically requested no shoes be worn in the premises;

(c) created, caused and permitted a dangerous and hazardous condition to exist on the premises, including an improper, defective, out of code and misplaced handrail and slippery, unsafe flooring;

(d) failing to use proper materials in the installation, maintenance and repair of stairway flooring and handrail;

(e) permitted a nuisance to exist on their premises;

(f) failed to provide proper, safe and clear access and usage for all persons allowed and invited to use the premises;

    (g)    failed to provide proper safeguards and/or warnings on the premises and by not placing any warning signs notifying persons of the hazardous and dangerous condition, namely the defective handrail and slippery flooring;

    (h)    were otherwise negligent in the use, operation, maintenance and control of the premises;

    (i)    were negligent in providing appropriate warnings, security and/or lighting to notify persons of the unsafe and dangerous condition; and

    (j)    other acts of negligence, carelessness and recklessness as may be further revealed during the course of discovery and/or at the time of trial.

18.    As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, Plaintiff, Truong Thach, while on the premises of 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466 on the date aforesaid, was caused to slip, trip and/or fall.

19.    As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, which created the unsafe and dangerous condition, Plaintiff suffered significant injuries, especially a fracture to her left 3rd metacarpal shaft, lumbar spine including damage to her discs and nerves, which are diverse, serious personal injuries of both a temporary and permanent nature. Plaintiff has endured and will in the future continue to endure great pain and suffering, has been and will be compelled to expend large sums of money for medical care and treatment; plaintiff has in the past and will in the future suffer a loss of past earnings and a diminishment of future earnings and earning capacity and all of activities of daily life have been impaired, interfered with and hampered and has otherwise suffered great physical and mental pain and suffering and loss of enjoyment of life.

20.    As a direct and proximate result of the negligence and carelessness of the defendants, and the resulting fall, Plaintiff, Truong Thach, has endured and will continue to endure great pain and suffering and loss of enjoyment of life, has been and will be compelled to expend

large sums of money for physicians and medical treatment in an attempt to be cured of said injuries and has been and will be prevented from attending to all normal business and affairs, and has suffered various other economic and non-economic damages, including but not limited to, medical expenses, wage loss and other pecuniary damages.

**WHEREFORE**, the Plaintiff, Truong Thach, demands judgment in her favor and against Defendants, Airbnb, Inc., Airbnb Pocono, LLC, Walter Nance and Steven P. Bressi, individually, jointly, severally and/or in the alternative for damages, interest, costs of suit and such other relief as this Court shall deem fair and just.

## SECOND COUNT
## Plaintiff vs. Airbnb, Inc. and Airbnb Pocono, LLC
## Failure to Inspect

21. All of the previous paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

22. At all times relevant herein, Defendants, Airbnb Inc. and Airbnb Pocono, LLC, offered to the general public for rent a wide variety of rental properties in the Pocono area, including the property known as 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466.

23. At the aforesaid time and place, the defendants acted by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control and each defendant, along with their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, acted by or on the behalf of the other defendants named herein.

24. At the aforesaid time and place, the defendants, acting by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, did so carelessly and negligently fail to inspect, and ensure that the subject property maintained safe flooring and proper and adequate handrails on the stairway so as to create a

dangerous and unsafe condition for people walking inside the premises, invitees and/or people otherwise lawfully on the premises of 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466, including the Plaintiff herein.

25. The Defendants created, and/or had actual and/or constructive knowledge of the dangerous condition of the premises as aforesaid, and knew or reasonably should have known that the dangerous condition created a reasonably foreseeable risk of injury to persons lawfully on the premises, business invitees and/or persons walking in the premises, including the Plaintiff herein.

26. The Defendants, individually, jointly, and/or severally, were under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject stairway and flooring, including but not limited to, the proper placement and location of handrails on staircases, for use by invitees and members of the general public who were or might be utilizing and/or walking upon said premises, including the Plaintiff herein.

27. The Defendants failed and neglected to take such reasonable action so as to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject stairway including but not limited to the staircases, steps, entrances and exits and/or those members of the general public who were or might be utilizing and/or walking upon said premises, thereby causing injuries to the Plaintiff, Truong Thach.

28. The Defendants additionally had a duty to take reasonable action to warn and/or failed in adequately providing warnings to persons on or using the premises, business invitees, persons walking on the subject premises, including but not limited to, the staircases, that the handrail in the stairway was not there, improperly placed or otherwise in a unsafe and dangerous condition.

29. In addition to the allegations contained above, the Defendants, individually, jointly and/or severally, were negligent, reckless and/or careless in that they:

(a) failed to properly, adequately and carefully inspect the premises, especially the stairway and handrails and keep said premises in a safe condition;

(b) failed to exercise due and proper care in the maintenance, cleaning, polishing, and repair of the flooring in premises, especially on the stairway, especially since Defendants specifically requested no shoes be worn in the premises;

(c) created, caused and permitted a dangerous and hazardous condition to exist on the premises, including an improper, defective, out of code and misplaced handrail and slippery, unsafe flooring;

(d) failing to use proper materials in the installation, maintenance and repair of stairway flooring and handrail;

(e) permitted a nuisance to exist on their premises;

(f) failed to provide proper, safe and clear access and usage for all persons allowed and invited to use the premises;

(g) failed to provide proper safeguards and/or warnings on the premises and by not placing any warning signs notifying persons of the hazardous and dangerous condition, namely the defective handrail and slippery flooring;

(h) were otherwise negligent in the use, operation, maintenance and control of the premises;

(i) were negligent in providing appropriate warnings, security and/or lighting to notify persons of the unsafe and dangerous condition; and

(j) other acts of negligence, carelessness and recklessness as may be further revealed during the course of discovery and/or at the time of trial.

30. As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, Plaintiff, Truong Thach, while on the premises of 134 Ash Drive, in the Township of Tobyhanna, County of Monroe and Commonwealth of Pennsylvania at zip 18466 on the date aforesaid, was caused to slip, trip and/or fall.

31. As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, which created the unsafe and dangerous condition, Plaintiff suffered

significant injuries, especially a fracture to her left 3rd metacarpal shaft, lumbar spine including damage to her discs and nerves, which are diverse, serious personal injuries of both a temporary and permanent nature. Plaintiff has endured and will in the future continue to endure great pain and suffering, has been and will be compelled to expend large sums of money for medical care and treatment; plaintiff has in the past and will in the future suffer a loss of past earnings and a diminishment of future earnings and earning capacity and all of activities of daily life have been impaired, interfered with and hampered and has otherwise suffered great physical and mental pain and suffering and loss of enjoyment of life.

32. As a direct and proximate result of the negligence and carelessness of the defendants, and the resulting fall, Plaintiff, Truong Thach, has endured and will continue to endure great pain and suffering and loss of enjoyment of life, has been and will be compelled to expend large sums of money for physicians and medical treatment in an attempt to be cured of said injuries and has been and will be prevented from attending to all normal business and affairs, and has suffered various other economic and non-economic damages, including but not limited to, medical expenses, wage loss and other pecuniary damages.

**WHEREFORE**, the Plaintiff, Truong Thach, demands judgment in her favor and against Defendants, Airbnb, Inc., Airbnb Pocono, LLC, individually, jointly, severally and/or in the alternative for damages, interest, costs of suit and such other relief as this Court shall deem fair and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

**LAW OFFICES OF VINCENT J. CIECKA, PC**

/s/Joseph J. Urban
_____

Joseph J. Urban, Esquire
Attorney for Plaintiff

Dated: February 3, 2023